# JULIUS BAUER *et al.*

### *v.*

## JOSEPH BELL.

1.  EVIDENCE —*jury should determine from the entire testimony and not a part.* On a question whether a piano was sold or leased, one party introduced in evidence a printed form of a lease which he had partly filled, and which he testified was a copy, except as to numbers, which fact was denied in the testimony of the other party, he insisting that the printed form used was changed by striking out, and interlineations, before its execution. The court instructed the jury that they were not bound to take the copy of the agreement as conclusive upon the point whether a sale or lease was made of the piano, but in determining that question should consider the entire evidence in the case: *Held,* that the instruction was unobjectionable, as a mere copy made from recollection was not conclusive.

2.  TRESPASS — *instruction as to finding all guilty.* Where the court had already instructed the jury, in an action of trespass against several, to find a verdict against only such of the defendants as they believed from the evidence were participators in the tort, an instruction that if the trespass was committed by either of two defendants, or both of them, by their servants or agents, they must find for the plaintiff, is not obnoxious to the criticism that it directs the jury to find against both, if either by his servants or agents committed the trespass.

3.  SAME— *to make one liable for a trespass committed* by his direction, the place at which the direction was given is unimportant. It is not necessary it should be given at the place where the trespass was committed.

4.  INSTRUCTIONS —*based upon a wrong theory of the case.* Where a trial in trespass against parties not present at the time and place where the wrongful acts were committed, is conducted by the plaintiff on the theory that the trespass was committed by the servants of the parties by their direction and procurement, instructions on the part of such parties defendant, based upon a subsequent ratification of the acts done, are in·correct.

APPEAL from the Circuit Court of Cook county ; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action of trespass *quare clausum fregit,* brought by Joseph Bell against Julius Bauer, Herman Bauer, William

Swinburn and John B. Hatton. The opinion of the court states the substance of the material facts of the case. The two Bauers, alone, appealed.

Messrs. HOYNE, HORTON & HOYNE, for the appellants.

Mr. S. K. Dow, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of trespass, for breaking and entering plaintiff's house, in the city of Chicago, by forcing open the outer door and breaking it to pieces, breaking some furniture in the house, and taking from one of the rooms a valuable piano, the property of the plaintiff, as alleged, and converting the same to the use of the defendants.

The plea was, not guilty. The cause was tried by a jury, who returned a verdict of guilty, and assessing the damages at nine hundred dollars. A motion for a new trial was overruled, and judgment rendered on the verdict, to reverse which a part of the defendants appeal.

The fact of breaking and entering into plaintiff's house by two of the defendants, and taking and carrying away a piano, is conclusively established, and was not questioned on the argument, but it is denied that Julius and Herman Bauer, the appellants, had any thing to do with it, or that the act was done by their contrivance, procurement or assent.

It seems appellants in 1864, and before and since, were large dealers in pianos in Chicago, and this controversy grows out of a dealing in that instrument.

On the trial of the issue several questions were presented upon which the jury were required to pass.

The first was, did appellee Bell buy this piano of appellants, or hire it of them, at a stipulated rent per month?

On this point, the testimony of the plaintiff Bell was in direct conflict with that of appellants. This conflict it was the peculiar province of the jury to settle, and we do not think

they erred in finding the piano was sold, not rented, to appellee. If sold, it is proved it was fully paid for according to the contract, and before the trespass was committed.

The next question for the jury was, the trespass having been committed, was it by direction of appellants?

On this point the testimony was also conflicting, and we cannot say the jury have found against its preponderance. The sworn statements of appellee and of one of the defendants, Swinburn, could, if credited by the jury, leave little or no doubt in their minds that appellants inaugurated the unlawful proceedings against appellee, and after the piano was taken from the dwelling-house, it was delivered at the store of appellants, and by them rented to one Engle, their friend and occasional clerk, for whose benefit, it would seem, the raid on appellee was set on foot and fully carried out. The active party in this raid testified he was instructed by appellants at their store on Washington street, to go to Bell's house and get the piano—they said they had a piano out on the west side—presented the lease—it was in the house of a pretty hard case, and he would have to use extra means to get it, and should not take no for an answer—he must bring the piano back with him—a dray in the employment of appellants went with him—appellants wanted a man of nerve to go and bring that piano to the store—a man who would take the piano "any how" and would not take no for an answer. That man of nerve was found in Swinburn, then an acting constable, who, armed with what was said to be a lease, obeyed his instructions to the letter.

Appellee testifies, after the deed was done, which was on Saturday, he went to see Mr. Bauer on the following Monday afternoon and told him he had lost the piano, and asked Julius Bauer if he had sent those men. He replied "yes," and on being asked by Bell what his instructions were to the men, Bauer replied he told them "to take it any which way they could get it." Of this, a written memorandum was made at the time by appellee.

Now, although this is denied by appellants, and they indignantly repudiate any participation in the matter, it was a clear case for the consideration of the jury, which party they should believe, and we are satisfied with their finding on this point.

The questions of fact being settled by the verdict, the remaining question is, were the jury properly instructed as to the law of the case?

It is urged by appellants that giving the fourth instruction for the plaintiff was error. That instruction was as follows:

"4. It is for the jury to determine, from all the evidence and circumstances proven in the case, whether the piano forte in question was the property of the plaintiff or that of the defendants, at the time the same is alleged to have been taken from the house of the plaintiff, and the jury should determine this from the evidence in the case, and the jury are not bound to take the copy of the agreement in respect to the piano, introduced in evidence, as conclusive upon this point, but should consider the entire evidence in the case; and if the jury believe, from all the evidence in the case, that the defendants, Julius Bauer and Herman Bauer, sold the piano forte to the plaintiff, at an agreed price of five hundred and ninety-five dollars, with a discount from that of forty dollars, to be paid for in monthly installments; and if the jury further believe, from the evidence and circumstances proven in the case, that the plaintiff had fully paid the agreed price to defendants, Bauers, at the time of the alleged taking by them of the piano; and if the jury further believe, from the evidence, that the dwelling-house of the plaintiff was broken into, against the will of the plaintiff, and the piano carried away by the direction or connivance of the defendants, the jury should find for the plaintiff, and against such of the defendants as is shown, by the evidence, participated, aided or encouraged in the commission of the acts complained of."

To make good the claim of appellants, that the piano was rented, not sold, to appellee, Julius Bauer, when on the wit-

ness stand, produced the form used by their house of a piano lease, and filled the blanks as he remembered they were filled, except, perhaps, the number of the instrument and the number of the house to which it had been sent, and claimed that the writing signed by appellee was of the same tenor. The original had been destroyed in the fire of October, 1871, making it necessary to prove the contents of the instrument. Bauer stated in one way and appellee another way, the latter insisting the contract made was a verbal contract and afterward reduced to writing, which he signed, and that it was a contract of sale, and the form then used by the firm was altered and interlined to agree with the verbal contract. The witness was using, not the original, but a paper he said was a copy. The pertinency and point of the instruction will be readily seen, and we think it is wholly unobjectionable. The witness spoke of the contract from his recollection, and it differed very essentially from appellee's recollection of it, and the copy was not conclusive upon the jury. They could say which was right.

As to the fifth instruction, we do not think it obnoxious to appellants' criticism. It does not tell the jury to find against both defendants, if either of them, by their servants or agents, committed the trespass. It instructs the jury, if the trespass was committed by either of them or both of them, by their servants or agents, they must find for the plaintiff, not against both, if the trespass was committed by one only. The jury had been previously instructed to find a verdict against such only of the defendants as they believed, from the evidence, were participators in the tort.

We perceive no objection to the refusal of appellants' tenth instruction, as it was unimportant that the direction should be given at " the house of said Bell." As we understand the instruction, it is liable to this construction. It is not very intelligible, and there was no error in refusing it.

It is also complained the court modified certain instructions of appellants, containing the element of a subsequent ratification by them of the acts done. We are of opinion, as the trial

did not proceed upon that theory, all instructions of that kind were irrelevant.

As to the point that the court admitted improper testimony on behalf of appellee in regard to the contract under which he claimed ownership in the piano, it is sufficient to say, the question was of the contents of a lost instrument. One party gave his recollection, and the opposite party gave his, and no objection was made on either side.

We have carefully considered this record and the points made by appellants, and do not think they are well taken, and must affirm the judgment.

*Judgment affirmed.*